The final case of the day is Hang Cui v. City of Elmhurst Good morning, Your Honours. May it please the Court, I'm Dolores Pino Counsel Sir Ms. Pino Good morning. I'm Dolores Pino for the Plaintiff Appellants Hang Cui and Rui Yongfei Once again, raise your voice please or get closer to the microphone, one or the other I'm an old man, I can't hear as well as I used to I represent the Plaintiff Appellants Hang Cui and Rui Yongfei, Dolores Pino And we bring this appeal today requesting this Court's reversal of the Honorable District Court's Fourth Amended Complaint for Failure to State a Claim on the Defendant's Motions to Dismiss We bring this case specifically, it's a civil rights case and I did focus our brief on Count 2 of our complaint The Section 1983 False Arrest Claim and the Honorable District Court's Probable Cause Determination Because we believe it was in violation of, importantly, the U.S. Supreme Court precedent of Francis v. Franklin And this Court's precedent, we bring it specifically on Olson v. Champaign County case, Qualified Immunity case Both of those, as well as Illinois Supreme Court and Appellate Court precedent Interpreting this deceptive practices statute, this bad check crime We believe the Elmhurst Police lacked probable cause to arrest Mr. Cui on these facts What happened to him because of the intent element, the essential element of intent to defraud Was not met on the facts that the police had at the time they arrested Mr. Cui As well as on the essential element of what the check was to pay for in the statute for rental property And the facts that the police had at the time they arrested Mr. Cui were They had a copy of the check, they knew that the check was for settlement of a civil lawsuit That's in the arrest report, they had spoken to Mr. Carter, Mr. Cui's attorney for the eviction court case And Mr. Carter told them that it was for settlement of a civil lawsuit case and it should be treated as such That's in the arrest report, they had the check itself and the memo line of the check stated That it's for settlement of that case to be dismissed, the memo line of the check And they also, Mr. Cui's statement upon arrest, that's in the complaint And we submit that his statement at this stage of the case, just the complaint stage Should be taken as true under the governing standards And the arresting officer put in the arrest report only the last part of his statement upon arrest When his, that quote, she would not get, Cui became upset saying that she would not get a dime Whereas his complete statement upon arrest, as in our amended complaint Is there was a settlement agreement between Lynn Kubitschek and me, if she did not do what she's supposed to do She won't get a dime, so we believe that that shows that the arresting officers did materially alter Mr. Cui's statement upon arrest in order to insert intent to defraud where there was none If his full statement upon arrest is looked at, we do believe that should have been credited As true at this stage of the case on a 12 v. 6 dismissal motion So we ask for the complaint, the Honorable District Court's decision dismissing the complaint Should be reversed based on that, as well as the very important part about Counsel, the arrest in this case was authorized by a warrant Your brief asserts that defendants made false representations to the state court But you don't say which defendant or what representations they were Where can we find evidence that particular people made particular false statements to get the warrant? Based on Olson v. Champaign County, Your Honor I didn't ask about a case, I asked about the details of the record in this case In the investigation report I'm not asking about the investigation report Presumably if you say that false statements were made to the judge to get a warrant You're dealing with statements in the affidavit made to get the warrant So we would need to see the affidavit and then we would need evidence that a particular statement there was false But your brief doesn't even refer to the affidavit used to get the warrant We don't have that affidavit and I investigated, Your Honor, and there's no record of the warrant hearing So there was no evidence, the facts of the police Then I don't know how you can say with a straight face That false statements were made in something you've never seen Now surely you could have gotten the affidavit But it's very difficult to say So-and-so was lying, though I have no idea what so-and-so said We know that the police and the complaining witness, Lynn Kubitschek, were calling Mr. Cui and his family her tenants But that is not as a matter of law possible because she had Filed the eviction proceeding within a month after she purchased their house They asked to become her tenants but she refused and the same day she Right after, within a day or so, she In the complaint, the allegation is that she Issued a letter saying Vacate the premises within 30 days and within A month she filed the eviction case and those facts were easily Ascertainable to the police the date the eviction case was filed and the case law That I cited on page 10 of my reply brief Murphy v. Texaco and the other two cases As a matter of law, when an eviction is filed a Property owner is not entitled to rent and They were calling, the police were calling throughout their investigation report And their arrest report, they were calling this check rent When as a matter of law, it is not possible that it was rent, qua rent As Judge Shader said in the Murphy v. Texaco case It was damages in the, under the Illinois forcible entry and detainer statute The eviction statute and damages are allowed to be Market rate rent Type of damages for, you know, for the new Occupants of a property And I would like to point out a clear error of Law, a clear error of fact that the District Court stated which is We omitted the date that the Eviction case was filed in our complaint And I believe that contributed to the misreading by the Honorable District Court To assume a four month long landlord tenant relationship When there was none The District Court's docket number 146 at page One to two stated that Lynn Kubitschek filed the Eviction case on June 7th when actually that was the concluding Date of the eviction proceedings, the date of the Agreed order in question And so that was a clear Error of law that probably Led the District Court to conclude that, you know, help them Misread this as a landlord tenant relationship and again The case law, as a matter of law Once the eviction case was filed it is not possible For the property owner to collect rent So Counsel, you're referencing page two Of docket entry 146 which says Quote, she refused and filed an eviction case on June 7th Correct. That's referencing paragraph eight of the fourth Medical complaint. What do you say that date should be? The actual date that she filed the eviction court case was In March, it was within approximately one month After she purchased the house And she had, we stated in the complaint that right away She issued a letter telling them To vacate the property and they had 30 days to vacate the property And we just omitted the eviction court Case date and I think that contributed to this error Of law as well as this violated, there was no The memo line on the check said eviction court case It was a lawsuit to settle a civil Case. Thank you Counsel. Mr. Acker. May it please the court I want to pick up on a question that you asked Judge as to where is it in the complaint That you talk about what was the false information Given to the 18th judicial circuit to Have this bad warrant issued and To be quite honest with your honor this has been a central problem that we've had in the litigation Of this matter given that there has never really been an acknowledgement Or recognition that the actions taken by the Elmhurst officers arose By way of a judicially issued warrant. In fact Our understanding of the law of this circuit is that Generally when you have an arrest warrant issued you generally Can't raise a false arrest claim. There is an additional, there's an exception To that where you show that the officer at the time that he Is serving the warrant did not believe that there was probable Cause. There's no allegations as to any of those matters in the Complaint. We believe that those are materially Significant and deficient and as such that those In of itself should lead to an affirmance of the district court's decision We are a little concerned your honor about Some of the representations as to the nature of what this dispute Involves. There is a characterization that They are, this is just a payment for a settlement agreement and that There really doesn't have anything to do with payment of rent. The Elmhurst The appellees have submitted a motion for this court to Take judicial notice of the actual certified copy of the agreed Judgment order that was entered in the forcible case that's been taken with the case And from the plain and ordinary meaning of the language contained In that agreed judgment order it clearly says It's for rent. And so  They're alleging that it can't be An attempt to set practice because it doesn't involve property. It involves Settlement. And so the issue that they're trying to chip away at If I understand Illinois law Paying a settlement with a check known to be false Is itself an attempted deceptive practice So what difference does it make what the check was for? There is an element of the deceptive practice That we're dealing with, subparagraph B That deals with that the payment is made for Property and that includes rental property and so that's the Battleground that we've been working with and I don't disagree your honor I think it's in a certain level kind of irrelevant  Diffusing that one I really think that that's Really not quite what we're dealing with. Having said that your honor There's a couple other issues that appellant's counsel Raised. One of which is that there's some statement that was made By Mr. Quay upon the arrest that wasn't Accurately reflected in the police report and I think I'm pretty sure that statements Made after the arrest are irrelevant for purposes of determining probable Cause. As such those issues really shouldn't have any bearing on This court's determination. We really think that This is a very straightforward probable cause case and we believe That there was certainly sufficient Evidence to show or pleading by way of the pleadings as well as the supplemental Materials that were provided showing the reasonableness of the Elmhurst officer's Accept Ms. Kubitschek's word for it. They did an investigation They subpoenaed records from the bank. They obtained statements Showing that there was insufficient funds at the time that the checks were issued They obtained records from the bank showing that there was notices sent to Mr. Quay Following the attempted negotiation of the checks Showing that there was insufficient funds. There was evidence that There was a certified letter sent to Mr. Quay and six months after these Attempts to negotiate it again asking him to pay the check and that she was going to Redeposit it giving him notice of her intent to negotiate Attempt to negotiate it again asking him to fund the account She then goes ahead after she receives a certified Certification back from the U.S. Mail saying that Mr. Quay Had received it and submits it again and it's therefore denied By the time that Elmhurst gets this in January of 2013 Almost seven months after the check was issued We believe that the Elmhurst officers did their job and they did it correctly And by way of what they determined they took it to 18th Judicial Circuit Court. They obtained a warrant and they served it And I think that there's really a pretty Straightforward procedural, I'm sorry, approximate cause I'm so sorry. There's a very straightforward probable Cause analysis and we believe that it supports the District Court's Determination. For those reasons we would request that this Court Confirm the District Court's dismissal of this matter If you have any further questions I'd be glad to address them. Thank you Thank you Mr. Acker Mr. Irsuto. Yes, Your Honor Thank you very much. I represent the Kuba checks in this matter and I won't Recite. I think Mr. Acker did a great job of kind of posing our point but I'll take one step Further in that there was no settlement This was an eviction and the reason why he was evicted because he wasn't paying Rent. Then, you know, for a settlement there needs some consideration Meaning of the mines consideration and there's some, here Mr. Cho had no leverage He was being evicted. The court order enters, the court enters an order Which was agreed to by Mr. Cho in that he's going to leave The premises and he's going to pay my client $1,600 which was a month's rent Plus court costs of $258. What does he do then? He doesn't leave my client then and then he receives a check Now it's very important as Illinois States under deceptive practices When you issue, the deception takes place either when the Check is issued or when it's delivered. At the time he issued the check He knew there were not sufficient funds in his account to pay my client When the check was delivered from his attorney to my client There wasn't sufficient funds in the account to pay the check. So he did it on two occasions This goes on for six months. My client tried to get the money Going back and forth. He never funds the check. My client goes to the police That's it. Then in his brief he tries to make it a condition precedent That as a result of my client is supposed to give him a release And waiver and then he'll fund the check That never took place. That's not in the court order that we submitted That wasn't agreed to. This was an eviction case and he wanted that Term to be there. He should have said the district court or the circuit court Shall retain jurisdiction to enforce the settlement. He didn't put that in there He knew the entire time he was being deceived. It was never his intent to pay my client And as such we would act that all the evidence that has been presented Clearly shows that it was never an intent to pay My client went to the police. The police arrested him and that's it. So for those of you who are out I would respectfully request that you uphold the district court's ruling. Thank you Thank you very much. Counsel the case is taken under advisement and the court will be in recess Thank you.